J-S34042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      : PENNSYLVANIA
                                      :
                  v.                  :
                                      :
                                      :
                                      :
ROMELL THOMPSON                       :
                                      :
             Appellant                : No. 419 MDA 2025

Appeal from the PCRA Order Entered March 4, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002705-2008

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 16, 2025**

Appellant, Romell Thompson, appeals *pro se* from the post-conviction court's order denying, as untimely, his sixth petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to our disposition of his instant appeal. Procedurally, we need only note that on June 25, 2009, a jury convicted Appellant of two counts of possession with intent to deliver (PWID) and one count of conspiracy to commit PWID. On August 25, 2009, Appellant was sentenced to an aggregate term of 10 to 20 years' incarceration, which this Court affirmed on appeal. ***See Commonwealth v. Thompson***, 11 A.3d 1043 (Pa. Super. 2010) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant thereafter litigated five unsuccessful PCRA petitions. We affirmed the denials of two of those petitions on appeal. ***See Commonwealth v. Thompson***, 175 A.3d 1106 (Pa. Super. 2017) (unpublished memorandum); ***Commonwealth v. Thompson***, 105 A.3d 801 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 4 (Pa. 2014).

On March 3, 2025, Appellant filed a *pro se* "Motion to Open and Vacate Sentence/Order Pursuant to 42 Pa.C.S. § 5505," which underlies his instant appeal. Therein, Appellant alleged that "[f]raud upon the court" had occurred when "the District Attorney's Office … colluded and conspired with the court in a deliberate[,] planned scheme to sentence [Appellant] under mandatory[-] minimum laws which [have] been deemed unconstitutional with the passing of … ***Alleyne***…."[1] Motion, 3/3/25, at 3 (unnumbered; unnecessary capitalization omitted). On March 4, 2025, the court issued an order stating that it was treating Appellant's motion as a PCRA petition, and dismissing it without a hearing on the basis that it was untimely.[2]

_____

[1] ***See Alleyne v. U.S.***, 570 U.S. 99, 116 (2013) (holding that facts, other than a prior conviction, which increase a mandatory-minimum sentence must be submitted to the fact-finder and found beyond a reasonable doubt).

[2] There is no indication that the court provided a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition before issuing its order dismissing it. ***See*** Pa.R.Crim.P. 907(1) (stating that if, after reviewing a PCRA petition, the judge is satisfied that no material issues are present and that the petitioner is not entitled to post-conviction relief, the judge "shall give notice to the parties of the intention to dismiss the petition and shall state in the
*(Footnote Continued Next Page)*

Appellant filed a timely, *pro se* notice of appeal.[3] Herein, Appellant states one issue for our review: "Did the [PCRA] court err as a matter of law in failing to grant [A]ppellant's motion [and] instead … interpretating it as a PCRA [petition,] when fraud upon the court is not cognizable under the PCRA…?" Appellant's Brief at 7.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate

_____

notice the reasons for the dismissal"). However, Appellant does not raise any issue on appeal regarding the court's failure to provide a Rule 907 notice, thereby waiving it for our review. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (holding that an appellant's failure to challenge the absence of a Rule 907 notice on appeal constitutes waiver of the defect). Additionally, we have found that a PCRA court's failure to issue a Rule 907 notice is not reversible error where the record is clear that the PCRA petition is untimely. ***See Commonwealth v. Zeigler***, 148 A.3d 849, 851 n.2 (Pa. Super. 2016). For the reasons stated *infra*, Appellant's petition is clearly untimely and, therefore, even if not waived, we would not reverse the court's order dismissing his petition based on its failure to provide a Rule 907 notice.

[3] We note that, on March 21, 2025, the PCRA court entered an order stating that its March 4, 2025 PCRA order was returned by the Department of Corrections and, therefore, it was granting Appellant an additional 30 days to file an appeal. On March 28, 2025, Appellant filed the instant, *pro se* notice of appeal, stating that his appeal is "from the Order of Court entered in this matter on the 21[st] day of March 2025." Notice of Appeal, 3/28/25, at 1 (single page). Although Appellant erroneously stated that his appeal lies from the March 21, 2025 order giving him an additional 30 days to file an appeal, it was clear that he intended to appeal from the court's March 4, 2025 order dismissing his petition. Accordingly, the caption has been corrected to reflect that the appeal lies from the PCRA court's order entered on March 4, 2025.

our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on September 29, 2010, at the expiration of the thirty-day time-period for seeking review with

the Pennsylvania Supreme Court from this Court's August 30, 2010 decision affirming his judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (directing that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed"). Thus, Appellant had until September 29, 2011, to file a timely petition, making his instant petition filed in 2025 patently untimely. Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant fails to meet this burden, as he does not attempt to plead or prove any timeliness exception. Instead, Appellant contends that his claim is not cognizable under the PCRA or subject to its timeliness requirement. He reasons that 42 Pa.C.S. § 5505 permits a court to "modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." Appellant's Brief at 10. Appellant then avers that section 5505 "does not expressly limit the authority [of the court] after the 30[-]day period has expired." *Id.* at 11. Indeed, he insists that "section 5505 was never intended to create a strict jurisdictional deadline for correcting orders where there is an obvious illegality in the sentence." *Id.* Appellant contends that, instead, the court retains "the inherent power … to correct obvious and patent mistakes[,]"

such as a "punishment procured by fraud…." *Id.* at 12. Because, here, Appellant avers that his sentence was "obtained through the use of fraud[,]" the court had the power to correct his illegal sentence outside the ambit of the PCRA. *Id.*

We disagree. Although Appellant attempts to frame his allegation as one of 'fraud upon the court,' his underlying assertion is that the sentence imposed by the court is illegal pursuant to *Alleyne*. A challenge to the legality of a sentence is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(vii). The PCRA unequivocally mandates that it "shall be the sole means of obtaining collateral relief and encompass[] *all other common law and statutory remedies* for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542 (emphasis added). Accordingly, Appellant can only obtain relief for his allegedly illegal sentence via the PCRA, and he must demonstrate that he has met the timeliness requirement of section 9545, or an exception thereto, to trigger the court's jurisdiction to consider his legality of sentencing claim. *See Commonwealth v. Jackson*, 30 A.3d 516, 522 (Pa. Super. 2011) (concluding that a claim that the trial court has the inherent authority to correct an obvious error in a sentence is cognizable under the PCRA, and must meet the jurisdictional requirements of section 9545 before the court can consider it). Because Appellant's petition is patently untimely, and he has not pled or proven that any timeliness exception applies, the PCRA court lacked

jurisdiction to correct his purportedly illegal sentence. Therefore, it did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2025